# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CLEOTHIS LINCOLN and HELEN LINCOLN,**<br><br>    Plaintiff,<br><br>v.<br><br>**CITIMORTGAGE, INC.,** *et al.*,<br><br>    Defendants. | **Case No. 13 C 6023**<br><br>**Hon. Harry D. Leinenweber** |

## ORDER

The Mortgagee Defendants' Joint Motion to Dismiss [ECF No. 17] is granted. Because the Court lacks jurisdiction over this matter, the case is dismissed in its entirety.

## STATEMENT

This is a wrongful foreclosure suit. In June 2012, Defendant CitiMortgage, Inc. ("CitiMortgage") commenced a mortgage foreclosure action against Plaintiffs Cleothis and Helen Lincoln (the "Lincolns") in the Circuit Court of Cook County, Chancery Division. Later that year, the court ordered the Lincolns in default and granted judgment for foreclosure and sale in favor of CitiMortgage. Three weeks after the court entered an order approving the sale of the foreclosed property, the Lincolns filed a petition seeking relief from judgment. The court denied that application, but agreed to stay possession for sixty (60) days. Thereafter, on August 23, 2013, the Lincolns filed a *pro se* Complaint in this Court, asserting wrongful foreclosure and various related claims against CitiMortgage and other defendants.

Defendants Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-14, and Elizabeth A. Ostermann, the Vice

President of Foreclosure for Carrington Mortgage Service, LLC (collectively, the "Mortgagee Defendants"), have moved to dismiss the case on the theory that the Court lacks jurisdiction over the Lincolns' claims. The Lincolns have submitted no opposition to that Motion.

The Lincolns' Complaint asserts only state law claims arising under what appears to be a completely inapplicable Nevada foreclosure statute. For a federal court to exercise jurisdiction over state law claims where no other source of federal jurisdiction is available, either the action must disclose a "contested and substantial federal question," *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 313 (2005), or the parties must be "citizens of different states" and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required, such that none of the plaintiffs may be a citizen of the same state as any of the defendants. *Howell by Goerdt v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997). The wrongful foreclosure claims in this suit plainly do not implicate any significant federal issues and, because the Lincolns and at least one other defendant to this action are citizens of the same state (Illinois), there is an absence of complete diversity.

Even if the parties were diverse, however, the Lincolns' claims still would not be reviewable in this Court. This is because the *Rooker-Feldman* doctrine prohibits federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Because the claims advanced in this case are simply an attempt to challenge the validity of the underlying

mortgage note and the state court's judgment of foreclosure, they consequently are barred from review here.  *See, e.g., Ruffino v. Bank of America, N.A.,* No. 13 C 50124, 2013 WL 5519456, at *2 (N.D. Ill. Oct. 3, 2013) (holding wrongful foreclosure and other claims barred by *Rooker-Feldman* doctrine).

For these reasons, the Court finds no basis for exercising jurisdiction over this action.  The Mortgagee Defendants' Motion is granted and the case is dismissed in its entirety.

Dated: 8/8/2014

Harry D. Leinenweber, Judge
United States District Court